# CHARLESTON.

## STATE v. BELCHER.

Submitted February 13, 1903.   Decided April 25, 1903.

1. TAX SALE—*Redemption.*

   No title is acquired by one who purchases, at a tax sale, land which at a former sale for a former delinquency, has been purchased for the State and not redeemed or otherwise disposed of, and, in a suit brought by the commissioner of school lands to have the land sold such subsequent purchaser, upon his petition setting up his purchase and a deed made to him thereunder, is not entitled to redeem the land. (p. 360).

Appeal from Circuit Court, Mercer County.

Bill by the State, for the use of Joel H. Cutchin, against Annie M. Belcher and others. From an adverse decree, said Cutchin appeals.

*Affirmed.*

JOHNSTON & HALE, for appellant.

D. W. McCLAUGHERTY, for appellees.

POFFENBARGER, JUDGE:

Joel H. Cutchin has appealed from a decree of the circuit court of Mercer County, refusing to allow him to redeem, in a suit brought by the commissioner of school lands, certain lots of land. In December, 1897, they had been sold by the sheriff as delinquent for the non-payment of taxes thereon for the year 1896, and purchased by the sheriff for the State. Under this purchase, the lots were certified by the auditor to the commissioner of school lands for sale in the manner prescribed by the statute. The commissioner of school lands brought a

suit in equity to sell them with numerous other tracts of land. In this suit, one of the former owners of the lots in whose names they had been sold, D. W. McClaugherty, filed his petition, asking to be permitted to redeem said lots. The appellant, Joel H. Cutchin, also filed a petition claiming that he was entitled to redeem on the ground that the same lots had been returned as delinquent for the non-payment of taxes due the city of Bluefield for the year 1897, sold for such delinquency in the year 1899, and purchased by appellant, who, by virtue of said sale, afterwards obtained a deed for the lots. The court held that McClaugherty was entitled to redeem and that Cutchin was not so entitled.

This question has been settled in *Tolten* v. *Nighbert,* 41 W. Va. 800, in which it was held that: "Where land has been sold for taxes, and purchased for the State, and the clerk of the court illegally places such land on the land books for succeeding years in the former owner's name, and such land is again delinquent, and sold by direction of the auditor, for the taxes of such succeeding years, such sale is illegal and void, and the purchaser acquires no title by reason thereof; and the clerk's deed made in pursuance of such sale is wholly void, and will be set aside." Point 4 of the syllabus. In view of this decision, which seems to be clearly right, it is useless to spend time in reiterating the reasons given for it. One point relied upon, however, will be mentioned, lest it may be taken to have been overlooked. McClaugherty did not file with his petition evidence of his title. But the report of the commissioner, setting out extensively, if not fully, the record evidence of title, had been filed in the cause before McClaugherty asked to be permitted to redeem. Whether there was sufficient evidence of McClaugherty's right to redeem before the court, is practically immaterial, however, for the plain reason that if he has no right to redeem, it does not argue that Cutchin has such right. To be permitted to redeem, he must show that he has some title to, or interest in, the land, as former owner or an heir, personal representative or assignee of the former owner. Having presented nothing but a clearly void deed as evidence of title and of his right to redeem, the court rightly refused the prayer of his petition, and the decree of which he complains should be affirmed.

*Affirmed.*